1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CORPORATE EXPRESS DOCUMENT &
PRINT MANAGEMENT, INC.,

          Plaintiff,

    v.

ROBERT HOLT, *et al.*

          Defendants.

Case No.  C06-964RSL

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR
EXPEDITED DISCOVERY AND FOR
A PROTECTIVE ORDER

16

17

18

19

20

21

22

     This matter comes before the Court on a motion filed by plaintiff Corporate Express
Document & Print Management, Inc. ("CEDPM") to conduct expedited discovery prior to the
Rule 26(f) conference.  (Dkt. #5).  Plaintiff alleges that its former employee, defendant Robert
Holt, is violating his non-competition agreement with plaintiff through his work for his current
employer, defendants Merrill Corporation and Merrill Communications LLC (collectively,
"Merrill").  Plaintiff and Merrill are competitors.  Plaintiff plans to file a motion for a
preliminary injunction.

23

24

25

26

     CEDPM has shown good cause to conduct early discovery, and Merrill agrees that it is
warranted.  Holt has not responded to the motion.  Accordingly, the Court will permit the parties
to conduct discovery prior to the conference.  The parties disagree, however, regarding the
timing and scope of discovery.  Plaintiff also seeks a protective order.

27

28

ORDER GRANTING IN PART AND
DENYING IN PART DISCOVERY MOTION - 1

Dockets.Justia.com

**A.      Timing and Scope of Discovery**

Plaintiff requests permission to serve 10 interrogatories and 15 requests for production. Merrill agrees to the numbers but argues that discovery should be mutual. The Court agrees. Therefore, each party may serve up to 10 interrogatories and 15 requests for production on each of the other parties prior to the Rule 26(f) conference.

Although the parties agree to providing expedited responses, they disagree about the appropriate length of the response period. The timing should allow plaintiff to expeditiously move for injunctive relief, if warranted, while providing the parties adequate time to prepare witnesses and documents. The Court also considers the fact that the parties have had notice of the likely discovery topics through the pleadings and the memoranda related to this motion. Plaintiff seeks discovery responses within 7 calendar days. Merrill argues that 20 days to respond, with objections served within 15 days, is more reasonable. Parties shall serve their responses and objections within 7 judicial days after service of the requests. Plaintiff also seeks to take depositions with 3 calendar days notice. Merrill contends that the order should permit depositions with 10 calendar days notice. The Court finds that 5 judicial days notice is sufficient for the depositions. The parties should make every effort to schedule the depositions for a mutually convenient time and date.

Plaintiff seeks to limit the subjects of early discovery to topics relevant to its motion for a preliminary injunction, while Merrill argues that it should be allowed to explore topics to develop its defense and defeat any preliminary injunction motion. The Court agrees that the scope of discovery should be broader than plaintiff proposes to ensure fairness, efficiency, and to take into account the fact that the parties' ability to take discovery is subject to the numerical and frequency limits in the discovery rules. Plaintiff shall be allowed to conduct discovery regarding the topics listed in bullet points on pages 5-6 of its motion and in its proposed order, and Merrill will be allowed to conduct discovery on the topics listed in its proposed order. Those topics appear reasonably calculated to lead to the discovery of admissible evidence and

1  the other party did not object to them.

2  **B.    Protective Order**

3  The Court denies plaintiff's request to sign its proposed protective order for two reasons.

4  First, based on the parties' submissions, it appears that they will be able to agree on a proposed

5  protective order, which is preferable.  Second, even if the parties had agreed to the terms of the

6  proposed protective order, the Court would not sign it.  The proposed order does not comply

7  with the Local Rules or this district's electronic filing procedures for filing documents under

8  seal.[1]  The Court will not sign stipulated protective orders to authorize documents to be filed

9  under seal simply based on the fact that they were marked by the parties as confidential in the

10  course of discovery.  "There is a strong presumption of public access to the court's files and

11  records which may be overcome only on a compelling showing that the public's right of access

12  is outweighed by the interests of the public and the parties in protecting files, records, or

13  documents from public review."  Local Rule CR 5(g)(1).  The proposed order contains no

14  description of "confidential" documents and gives the parties sole discretion in determining

15  which documents to file under seal.  Plaintiff has not made a compelling showing that the

16  public's and the parties' interests in protecting the documents marked "confidential" from public

17  view outweigh the public's right of access.  Furthermore, the proposed order purports to prohibit

18  the Court and its personnel from disclosing "confidential" documents or the information

19  contained therein or timely responding to a valid subpoena.  Such limitations on the Court's

20  ability to maintain and produce public records or utilize "confidential" information in its orders

21  are unacceptable.  Moreover, the proposed order states that any person who receives confidential

22  documents submits to the jurisdiction of the Court.  This Court, however, would not find that

23  

24  ———————————————————

[1] Parties seeking an order to seal any documents must provide a specific description of
25  particular documents or categories of documents they seek to protect and "*a clear statement of
the facts* justifying a seal and overcoming the strong presumption in favor of public access."
26  Local Rule CR 5(g)(2) (emphasis added).  The facts supporting any motion to seal must be
provided by declaration or affidavit.
27  

28  ORDER GRANTING IN PART AND
DENYING IN PART DISCOVERY MOTION - 3

1  due process requirements for personal jurisdiction had been met based solely on the agreement

2  between the *parties* and a third party's receipt of documents.[2]  Although the parties may agree

3  on confidentiality among themselves, when they request that the Court be involved, they must

4  make the requisite showing.

5      For all of the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART

6  plaintiff's motion for expedited discovery and for a protective order (Dkt. #5).

7

8      DATED this 28th day of July, 2006.

9

10

11      *Mrt S Lasnik*

12      Robert S. Lasnik
       United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24  _____

25      [2] If the parties intend to resubmit a proposed protective order, they should either remove
    paragraph 24 or rewrite it to include that the person or entity has signed Appendix A or B.

26  Signing one of the appendices reflects an agreement to submit to the jurisdiction of this Court,
    whereas the currently-drafted provision in the protective order does not.

27

28  ORDER GRANTING IN PART AND
    DENYING IN PART DISCOVERY MOTION - 4